NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| IN RE: | : | |
| | : | |
| THOMAS RITTWEGER, | : | Case No. 05-56311 (KCF) |
| | : | |
| Debtor. | : | |
| | : | |
| THOMAS RITTWEGER, | : | |
| | : | |
| Appellant, | : | Civil No. 08-1711 (AET) |
| | : | |
| v. | : | **MEMORANDUM & ORDER** |
| | : | |
| KAREN BEZNER, | : | |
| | : | |
| Appellee. | : | |

THOMPSON, U.S.D.J.

    This matter comes before the Court on Appellant Thomas Rittweger's Motion for Reconsideration of the Court's Memorandum and Order denying Appellant's Motion for the Appointment of Counsel and Ruling on In Forma Pauperis and Waiver of Fees, entered on May 21, 2008 [6]. The Court has decided this Motion based on Appellant's submission and without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons stated below, Appellant's Motion is denied.

### BACKGROUND

    The Court incorporates by reference the factual summary provided in its Memorandum and Order entered May 21, 2008 ("May 21st Memorandum"). In the May 21st Memorandum, the Court granted Appellant's application to proceed in forma pauperis, but denied Appellant's

application for pro bono counsel, and denied his application for waiver of filing fees.  Appellant filed a Motion for a 30-day Extension of Time to file a Motion for Reconsideration [7], but filed the instant Motion for Reconsideration before the Court considered the Motion for 30-day Extension of Time.

DISCUSSION

A.    Standard of Review

A court will grant a motion for reconsideration only if the movant establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  A party making a motion for reconsideration must submit a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked."  Id.  In other words, the movant may address only matters that were presented in its original motion to the Court, but were not considered by the Court in making the decision at issue.  United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  However, a party asserting a difference of opinion with a court's decision should not bring a motion for reconsideration; rather, he or she should seek relief through the normal appellate process.  Chicosky v. Presbyterian Med. Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997).  "[R]econsideration is an extraordinary remedy, that is granted very sparingly."  Brackett v. Ashcroft, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *5 (D.N.J. Oct. 7, 2003) (internal citation and quotations omitted).

B.    Analysis

Appellant argues that the May 21st Memorandum overlooks points of law and fact, i.e., that 18 U.S.C. § 3622 provides for the temporary release of a prisoner to work in a paid position outside of prison, and that he is entitled to work release under this statute because he is a first-time, non-violent, white collar prisoner, and that prison wages have remained stagnant so that he is not able to retain counsel or pay his filing fees in connection with his appeal.  Further, Appellant argues that the Court erred in finding that 28 U.S.C. § 1915 precluded it from granting Appellant's application for waiver of filing fees.  Appellant contends that the statute violates his Equal Protection rights by "singl[ing] out prisoners unfairly.  (Appellant's Br. 2.)  Appellant also argues that the Court's denial of his application for pro bono counsel and waiver of filing fees deprives him of his First Amendment right to assemble and to petition the Court for grievances.

Appellant's complaints about the BOP's alleged failure to create a work release program in accordance with 18 U.S.C. § 3622, and that he is entitled to a modification on his sentence, or about the stagnation of prison wages, were not raised before the Court in his prior Motion, and is not properly the subject of this Motion for Reconsideration.  As to his Equal Protection challenge, Appellant contends that 28 U.S.C. § 1915 unfairly targets prisoners .  Neither prisoners nor the indigent are a suspect class for the purposes of Equal Protection Review. Abdul-Akbar v. McKelvie, 239 F.3d 307, 317 (3d Cir. ).  Accordingly, a statute survives an Equal Protection challenge if it is rationally related to a legitimate state interest.  Kranson v. Valley Crest Nursing Home, 755 F.2d 46, 53 (3d Cir. 1985).  The Court finds that 28 U.S.C. § 1915 is rationally related to a legitimate state interest of permitting indigent plaintiffs access to the courts while weeding out frivolous lawsuits.

Appellant also contends that the Court's May 21st decision deprives him of his First

Amendment right to petition the courts for grievances. 28 U.S.C. § 1915 was enacted "to ensure that indigent litigants have *meaningful* access to the federal courts." Deutsch v. United States, 67 F.3d 1080, 1084 (3d Cir. 1995). However, "merely requiring a prisoner to pay filing fees in a civil case does not, standing alone, violate that prisoner's right of meaningful access to the courts." Abdul-Akbar, 239 F.3d at 317 (analyzing plaintiff's right of access argument under the Fifth Amendment's Equal Protection clause). Thus, the Court finds that the May 21st decision did not deprive Appellant of his First Amendment right to petition the Court. Moreover, the Court finds that Appellant's argument that the Court's prior decision infringed upon his First Amendment right to assemble to be wholly without merit.

Accordingly, because the Court does not find that its prior decision contained a clear error of law or fact, or that reconsideration is warranted to prevent a manifest injustice, Appellant's Motion for Reconsideration is denied. Further, Appellant's Motion for a 30-day Extension of Time to file a Motion for Reconsideration is denied as moot.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 26th day of June, 2008,

ORDERED that Appellant Thomas Rittweger's Motion for Reconsideration [10] of the Court's Memorandum and Order denying Appellant's Motion for the Appointment of Counsel and Ruling on In Forma Pauperis and Waiver of Fees is DENIED; and it is further

ORDERED that Appellant Thomas Rittweger's Motion for a 30-day Extension of Time to file a Motion for Reconsideration [7] is DENIED as moot.

                                              s/ Anne E. Thompson
                                              ANNE E. THOMPSON, U.S.D.J.